IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL O'CALLAGHAN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>HON. X, IN PAST OR PRESENT OFFICIAL CAPACITY AS JUDGE OR SENIOR JUDGE OF THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, COMMONWEALTH OF PENNSYLVANIA,<br><br>　　　　Defendant. | CIVIL ACTION<br>NO. 15-1716 |

**MEMORANDUM OPINION**

**Schmehl, J.   /s/ JLS**                                                                    **January 29, 2016**

I.   **INTRODUCTION**

Plaintiff, Daniel O'Callaghan ("Plaintiff"), has filed this pro se action alleging violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, naming "Hon. X., in past or present official capacity as Judge or Senior Judge of the Court of Common Pleas of Northampton County, Commonwealth of Pennsylvania." Plaintiff's Complaint is difficult to comprehend because he does not list the defendant judge or any other judges discussed in his Complaint by name. It appears that Plaintiff was involved in litigation in Northampton County with a neighbor over an allegedly noisy air conditioner, and Defendant Judge made some rulings in that case. Plaintiff alleges that Defendant Judge violated his civil rights because he allowed the attorney for his neighbor to present extensive argument, but refused to allow Plaintiff to argue a motion that was in front of him. Plaintiff also alleges that Defendant Judge showed favoritism toward the attorney for his neighbor, and unfairly struck Plaintiff's New Matter. Plaintiff repeatedly avers

that Defendant Judge stated "I'm not interested" over and over again in open court regarding his case. Plaintiff also filed multiple "motions" with this court that were in fact status updates of his state court matter. These "motions" show that Plaintiff also takes issue with the discovery process in the state court action, specifically, what defendants were ordered to produce to him. A review of the Northampton County docket entries in this matter, as well as Plaintiff's "motions" indicates that Plaintiff's Northampton County case against his neighbor was tried in front of Judge Koury on October 19, 2015. On October 20, 2015, Judge Koury entered a verdict in favor of Plaintiff's neighbors and against Plaintiff in the state court nuisance case.

In the instant matter, Plaintiff claims to be seeking a declaratory judgment that his civil rights have been violated by Defendant Judge. Plaintiff also is seeking injunctive relief against Defendant Judge.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it

appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

### III. DISCUSSION

#### A. DEFENDANT'S MOTION TO DISMISS/PLAINTIFF'S MOTION TO AMEND

Plaintiff's official capacity claim against Defendant Judge is barred by the immunity set forth in the Eleventh Amendment to the United States Constitution. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and Defendant Judge must be dismissed from this action with prejudice.

Plaintiff has sued Defendant Judge only in his official capacity. Suit brought against a state official in their official capacity is deemed a suit against the state, Kentucky v. Graham, 473 U.S. 159, 166 (1985), and absent a state's consent to be sued, all states and state entites are entitled to immunity under the Eleventh Amendment. Lombardo v. Pennsylvania Dept. of Public Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008). Claims such as the instant ones brought under 42 U.S.C. § 1983 are subject to the Eleventh Amendment. Chilcott v. Erie Co. Domestic Relations, 283 Fed. Appx. 8, 10 (3d Cir. 2008). The official capacity suit against Defendant Judge is actually a suit brought against the Court of Common Pleas of Northampton County, which is an entity of the Commonwealth of Pennsylvania, as all courts of the unified judicial system are part of "Commonwealth government" and thus are state agencies. 42 Pa.C.S.A. § 102, Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000). As statute provides that the

3

Commonwealth and its officials are immune from suit, and such immunity includes the court system, Defendant Judge in his official capacity is immune from suit in this matter. See Benn v First Judicial District, 426 F.3d 233, 241 (3d Cir. 2005) (finding the Philadelphia Court of Common Pleas is entitled to federal Eleventh Amendment immunity.)

Plaintiff argues that "the Eleventh Amendment does not bar claims against the State Defendant, as here, solely for declaratory and/or injunctive relief in official capacity – provided such relief is prospective in nature." (Docket No. 7, p. 2.) However, Plaintiff's argument fails for several reasons.

First, the Federal Courts Improvement Act was enacted in 1996 to extend judicial immunity to injunctive relief as well as to damages, unless a declaratory decree was violated or declaratory relief was unavailable. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). In this matter, Plaintiff has not alleged, and there is no evidence that, a declaratory decree was violated or declaratory relief was unavailable. Accordingly, Plaintiff's argument that the Eleventh Amendment does not bar suit against Defendant Judge because he is seeking injunctive relief must fail because said injunctive relief is barred by the Federal Courts Improvement Act.

Second, Plaintiff argues that the case of Ex Parte Young, 209 U.S. 123 (1908), supports his contention that the Eleventh Amendment does not bar suit against Defendant Judge for injunctive relief. The Ex Parte Young decision provided a limited exception to Eleventh Amendment immunity by allowing a party to pursue prospective injunctive relief against an individual state official in their individual capacity to end continuing or ongoing violations of federal law, but not for declaratory or injunctive relief for a past

4

violation of federal law. MCI Telecommunication Corp. v. Bell Atlantic, 271 F.3d 491, 506 (3d Cir. 2001). The relief sought has to be "prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective." See Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 201 (1984).

Plaintiff's argument under Ex Parte Young must fail for two reasons. First, Ex Parte Young provides a limited exception to Eleventh Amendment immunity for pursuit of prospective injunctive relief against an individual state official in their individual capacity. In this matter, Defendant Judge is sued in his official capacity only.[1] Next, Plaintiff's argument must fail because Plaintiff is not seeking prospective injunctive relief governing Defendant Judge's future conduct. A review of the state court docket entries in this matter, as well as the copies of the state court orders provided by Plaintiff as an exhibit to one of his "motions," (Docket No. 16) shows that Plaintiff's state court action was concluded on October 20, 2015, when a verdict was entered in favor of Defendants and against Plaintiff. As Plaintiff's state court litigation has concluded, and because Plaintiff was seeking injunctive relief regarding Defendant Judge's conduct in that state court action, Plaintiff's request for prospective injunctive relief is now moot. Plaintiff cannot allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future, as he is required to do to seek a declaratory judgment, see Blakeney v. Marsico, 340 Fed. Appx. 778 (3d Cir. 2009), as his case has concluded and Defendant Judge will make no further rulings. Accordingly, there is no likelihood that he will suffer injury in the future.

---

[1] To the extent Plaintiff seeks to amend his complaint to sue Defendant Judge in his individual capacity (Dkt No. 12), this motion is denied, as to allow this amendment would be futile, as discussed infra.

5

Further, to the extent Plaintiff seeks to amend his complaint to sue Defendant Judge in his individual capacity as set forth in his Motion to Amend (Docket No. 12), I find that Defendant Judge is also immune from suit in this case in his individual capacity. Defendant Judge has absolute immunity from all acts taken in his judicial capacity. Azubuko, 443 F.3d at 303. This immunity includes immunity from section 1983 claims. Dennis v. Sparks, 449 U.S. 24, 27 (1980). Defendant Judge individually is absolutely immune from suit as long as 1) he has jurisdiction over the subject matter before him, and 2) he is performing a judicial act. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff here argues that Defendant Judge's actions in ruling on his case (allegedly claiming "I'm not interested" regarding certain aspects of Plaintiff's case) were not done in performance of his judicial duties, but "rather in rejection of said duties," (Docket No. 7, p. 3) and that Defendant Judge therefore refused to do his judicial duty and immunity should not apply.

To determine whether an act complained of is judicial in nature, the court uses a functional approach that examines whether the act is normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. Rush v. Wiseman, 2010 WL 1705299, at *8 (E.D. Pa. Apr. 27, 2010). A "[l]ack of formality" does not convert a judicial act into a non-judicial one. Stump, 435 U.S. at 360 (rejecting plaintiff's argument that approval of sterilization petition was not a judicial act because the petition was not given a docket number, was not placed on file with the clerk's office, and was approved in an *ex parte* proceeding without notice or a hearing). I find that any decision made or any action taken by Defendant Judge regarding Plaintiff's case, even if it was made with disinterest or lack of attention, as alleged, was indeed a judicial act for which Defendant Judge has judicial immunity. Therefore, any attempt by Plaintiff to amend his complaint

6

to sue Defendant Judge in his individual capacity would be futile. Accordingly, Plaintiff's Motion to Amend the Complaint is denied to the extent it seeks to add claims against Defendant Judge in his individual capacity.

In addition, even if Defendant Judge was not entitled to immunity in this matter, the allegations against him would still be insufficient, for a number of reasons. First, a complaint for violations of a plaintiff's civil rights under 42 U.S.C. § 1983 must allege that "a person" committed a violation. As discussed above, Defendant Judge was sued in his official capacity in this matter, therefore, the real party in interest is the government entity of which the official is an agent. Hafer v. Melo, 502 U.S. 21, 26 (1991). A state defendant, such as the Northampton County Court of Common Pleas, sued in an official capacity claim is not "a person" under Section 1983 and cannot be held liable for damages in this matter. Therefore, Plaintiff cannot maintain his constitutional claims against Defendant Judge in his official capacity.

Lastly, Plaintiff pleads a claim of conspiracy under 42 U.S.C. § 1985. Section 1985(3), often referred to as the "civil rights conspiracy statute," requires that in order to set forth a claim under 1985(3), a plaintiff must allege four things: 1) a conspiracy; 2) motivated by a racial or class-based discriminatory animus; 3) an act in furtherance of the conspiracy; and 4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-829 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)); Hinshillwood v. County of Mont., 2002 WL 253940 (E.D. Pa. 2002) (Hutton, J.).

However, just as Eleventh Amendment immunity protects Defendant Judge from Plaintiff's section 1983 claims, it also provides Defendant Judge with immunity from section 1985 civil conspiracy claims. Breslin v. Brainard, 2002 WL 31520480, * 3 (E.D. Pa., Oct. 30, 2002); Seeny v. Kavitski, 866 F.Supp. 206, 209 (E.D. Pa. 1994)("It is also well settled that Congress did not intend to abrogate Eleventh Amendment immunity when it enacted § 1985.") Accordingly, Plaintiff's section 1985 conspiracy claim will also be dismissed with prejudice.[2]

### B. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff also filed a motion that he titled "Third Motion to Inform Court and Motion for Preliminary Injunction," (Docket No. 10) in which he seeks to enjoin the state court trial in this matter. The state court trial was completed on October 19, 2015, and a verdict was entered on October 20, 2015. According to Plaintiff's "Fifth Motion to Inform the Court," he filed a "Petition for Review" to the Pennsylvania Superior Court on December 24, 2015 (Docket No. 17.)

Plaintiff's Motion for a Preliminary Injunction is denied because, as discussed above, it is barred by the Federal Courts Improvement Act. Defendant Judge is entitled to judicial immunity in this matter from any injunctive relief for any action brought against him for an "act or omission taken in his judicial capacity…unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; Azubuko, 443 F.3d at 303-304. As Plaintiff's Motion for a Preliminary Injunction does not allege that any declaratory decree was violated or that declaratory relief is unavailable, his claim for injunctive relief is denied.

---

[2] I note that Plaintiff has also failed to make proper service of the Complaint upon Defendant Judge pursuant to Federal Rule of Civil Procedure 4(e).

### IV.     CONCLUSION

Due to the immunity of Defendant Judge, it would be futile to allow Plaintiff to file an amended complaint. Accordingly, Defendant's Motion to Dismiss is granted and this matter is dismissed with prejudice.[3]

---

[3] Plaintiff filed multiple "motions" and exhibits, in which he sought to inform the court of the status of the state court matter that he claimed was the basis for the instant federal suit. (See Dkt Nos. 6, 9, 16, 17 and 18.) Although these documents are not actually motions, I will grant them only to the extent Plaintiff is asking me to review the information contained therein. In deciding Defendant's Motion to Dismiss, I have reviewed all information provided by Plaintiff in said motions and exhibits.